## FARNSWORTH et al. v. CENTRAL SAV. BANK.

Court of Appeals of District of Columbia.

Submitted February 9, 1928. Decided March 5, 1928.

No. 4626.

Bills and notes ☞473—Affidavit of defense to action on note, failing to specifically state grounds of defense, held insufficient (municipal court rule 16).

Affidavit of defense in action on note, failing to state in precise and distinct terms grounds of defense relative to issue of plaintiff's right to recover as a purchaser for value before maturity, and only stating expectation to prove that certain alleged grounds of defense exist, *held* insufficient under municipal court rule 16, since statement that a party expects to prove a certain fact is not equivalent to declaration that such fact exists.

Error to Municipal Court of District of Columbia.

Action by the Central Savings Bank against Lavinia P. Farnsworth and another. Judgment for plaintiff, and defendants bring error. Affirmed.

J. B. Stein, of Washington, D. C., for plaintiffs in error.

D. S. Birney, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This proceeding challenges a judgment rendered by the municipal court in favor of the Central Savings Bank and against Lavinia P. Farnsworth and Jacob Bialek, in the sum of $934.81, with interest and costs, upon a certain promissory note dated March 30, 1926, executed by Farnsworth, payable one year after date to the order of Bialek, and with Bialek's name signed upon the back immediately under a notation reading as follows, to wit: "For value received I hereby guarantee payment of the within note, without demand, notice, or protest, and hold myself bound for the payment thereof."

The bank filed a declaration against the plaintiffs in error, averring that Bialek had sold and indorsed the note to one Rhoade, that Rhoade had sold and indorsed it to the bank before maturity, and that the bank had paid him the full face value thereof. The bank concurrently filed an affidavit of merit in support of these averments, with a statement of the amount due from the defendants exclusive of all set-offs and just grounds of defense.

Bialek filed a plea wherein he alleged that he had sold the note to Rhoade at a discount, upon an agreement between them that Rhoade should release him from any and all liability on the note by reason of the nonpayment thereof; alleging also that he was not able to read or write the English language, except to sign his name, and that he signed his name upon the back of the note at the direction of Rhoade and upon the representation that the signing of his name was merely for the purpose of conveying the title of the note, but not for the purpose of guaranteeing payment thereof. Bialek's plea also contained the following statement, to wit: "This defendant expects to prove at the trial hereof that the plaintiff is not a holder for value of said note; that it acquired title to said note on, to wit, the 25th day of March, 1927, just five (5) days before actual date of maturity for the purpose of accommodating the said J. Rhoade in the event the note in question would not be paid at maturity, and for the purpose of cutting off the equities between this defendant and the said J. Rhoade in the event of the institution of a suit on said note." Bialek also filed an affidavit of defense to the same effect as his plea.

The municipal court, upon motion of the bank, rendered judgment against Bialek, notwithstanding his plea and affidavit, and he now assigns this as error.

The sole question at present is whether the court below erred in holding that Bialek's affidavit of defense was insufficient. Rule 16 of the municipal court provides that in any action arising ex contractu, if the plaintiff shall have filed at the time of bringing his action, an affidavit setting out distinctly his cause of action, and the sum he claims to be due, exclusive of all set-offs and just grounds of defense, and the defendant shall have been served with a copy of the declaration and affidavit, the plaintiff shall be entitled to a judgment for the amount so claimed with interest and costs, unless the defendant shall file an affidavit of defense, denying the right of the plaintiff as to the whole or some specified part of his claim, and specifically stating, also, in precise and distinct terms, the grounds of his defense, which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part.

In our opinion the affidavit of defense filed by Bialek does not comply with the requirements of this rule. There are two vital issues raised in the case: One relates to Bialek's liability to Rhoade, if the latter were still the holder of the note; and the other.

relates to the rights of the bank as the holder of the note. It is, of course, manifest that if the bank purchased the note for value, before maturity, and without knowledge of any infirmity, it would be entitled to recover upon it, regardless of the question of Bialek's liability to Rhoade. It was accordingly necessary that Bialek's affidavit should specifically state in precise and distinct terms his grounds of defense as to this issue. But the language of the affidavit goes no farther than to state that "he (Bialek) expects to prove at the trial hereof" that certain alleged grounds of defense exist in reference to these claims of the bank. The statement that a party expects to prove a certain fact at the trial is not equivalent to a declaration that such a fact exists. It follows that Bialek's affidavit does not deny any fact stated in the bank's affidavit, nor does it state any relevant fact in avoidance of the bank's claims. It is no more than an expression of Bialek's beliefs or conclusions, and these may be founded upon mere conjecture or suspicion.

Accordingly we are of the opinion that the municipal court did not err in holding that the affidavit of defense was insufficient and in rendering judgment for the plaintiff. Its judgment is therefore affirmed, with costs.